IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00207-KDB-DCK

| | |
|---|---|
| DASSAULT SYSTEMES SOLIDWORKS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACME HIGH PERFORMANCE LABORATORIES, LLC; NICHOLAS CSUCSAI; KYLE RINGWALD; CONRAD MOHR AND TIMOTHY HERR,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO") and Motion for Expedited Discovery (Doc. No. 9). The Court has carefully considered these motions and Plaintiff's memoranda and supporting exhibits. For the reasons discussed below, the Court will **DENY** the motion for a TRO and refer the discovery motion to the Magistrate Judge assigned to this matter for his consideration following at least a brief opportunity for Defendants to respond.

The essence of this lawsuit is that it contends Defendant Acme High Performance Laboratories, LLC ("Acme") and the individual Defendants are using "pirated" / "cracked" copies of its SolidWorks software without a license. Plaintiff's memorandum in support of the motion details numerous alleged instances of use based on the software's means to report its use back to Plaintiff. The last use of the software in the record was now 12 days ago. Plaintiff filed its TRO motion on Friday afternoon, September 20, 2024. While Plaintiff's counsel represents that he sent

1

an email to Defendants and also spoke to one Defendant on the phone, it does not appear that he included a copy of the Complaint, motion and supporting papers in his message. Therefore, Plaintiff is effectively seeking a TRO without notice.

A TRO or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and may never be awarded "as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24, 32 (2008) (noting that even issuance of a permanent injunction after trial "is a matter of equitable discretion; it does not follow from success on the merits as a matter of right."). The Fourth Circuit has similarly recognized that the grant of such a remedy involves "the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (*en banc*).

To receive an injunction prior to a final decision on the merits, a plaintiff must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm without the preliminary injunction; (3) the balance of equities tips in her favor; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20; *Mountain Valley Pipeline, LLC v. Western Pocahontas Properties Limited Partnership*, 918 F.3d 353 (4th Cir. 2019); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Each of these four requirements must be satisfied. *Id.*

Even accepting that Plaintiff is "likely" to succeed on the merits (a conclusion which the Court does not here decide), Plaintiff has failed to establish "specific facts" which show that "immediate and irreparable injury ... will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. Proc. 65(b)(1)(A). Plaintiff's memoranda in support of its motion states that this dispute dates back over a year (Doc. No. 9-1 at 6) and, as mentioned above, there

is at least some question as to whether the alleged copyright infringement is continuing because at the time the motion was filed the last reported use of the software was more than a week earlier. Further, even though it is possible for copyright infringement to in some circumstances support a finding of irreparable harm, this appears to primarily be a license dispute about money, which is unlikely to meaningfully change in the short period before the Court can rule on this matter with the benefit of Defendants' response.

Accordingly, Plaintiff's TRO motion will be denied. However, the Court is sensitive to the need to address the issues raised by the Plaintiff promptly given the possibility of ongoing unlawful use of Plaintiff's copyrighted software. Therefore, if Plaintiff files a motion for a preliminary injunction it will be heard promptly after Defendants have been served and given an opportunity to respond. Further, with respect to Plaintiff's motion for expedited discovery, that motion will be referred to the Magistrate Judge assigned to this matter, who will similarly consider it promptly after giving Defendants a brief opportunity to respond.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for a TRO (Doc. No. 9) is **DENIED;** and
2. The Clerk is directed to refer Plaintiff's Motion for Expedited Discovery to the Magistrate Judge assigned to this matter for his consideration in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: September 23, 2024

Kenneth D. Bell
United States District Judge